JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BOATENG KELVIN PRINCE,

        Plaintiff,

v.

DEP'T OF HOMELAND SEC,

        Defendant.

Case No. CV 23-8678-SPG (JPR)

**ORDER DISMISSING ACTION**

    Petitioner, who was then an Immigration and Customs Enforcement detainee at the Florence Detention Center in Arizona, *see* (ECF No. 1 ("Pet.") at 1–2), filed a habeas Petition under 28 U.S.C. § 2241 on October 13, 2023.  In it, he claimed that his continued detention pending his removal violated due process because his removal was "not significantly likely to occur in the reasonabl[y] foreseeable future." (*Id.* at 3–4). He asked to be released "under an order of supervision for [his] pending removal from immigration detention." (*Id.* at 4).  Petitioner also claimed that his detention violated 8 U.S.C. § 1213(a)(6) because he had been detained for "nearly 9 months close to almost a year beyond past the date of [his] final order of removal." (*Id.* at 3).

-1-

On or about November 2, 2023, Petitioner was removed to Ghana. (ECF No. 7-1 ("Martinez Decl.") ¶ 14). On December 1, 2023, the Court received mail the Court had sent him, returned as undeliverable indicating that Petitioner was no longer in custody. (ECF No. 6). On December 8, 2023, Respondent moved to dismiss the Petition, arguing that (1) venue was improper in this District; (2) the Court lacked subject-matter jurisdiction because Petitioner had not been detained for more than six months since his removal order became final; and (3) the Petition was moot because Petitioner was removed to Ghana shortly after filing it. *See* (ECF No. 7 ("Mot.") at 3). By the time the Motion was filed, Petitioner was no longer in detention or the United States. (Martinez Decl. ¶ 14). There has been no opposition filed to the Motion.

Federal jurisdiction requires a live case or controversy at every stage of litigation. *See Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997); U.S. Const. art. III, § 2. If, at any point during litigation, an event occurs such that there is no longer a live case or controversy upon which relief can be granted, the claim is moot and must be dismissed. *Am. Rivers*, 126 F.3d at 1123. If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. *See Picrin–Peron v. Rison*, 930 F.2d 773, 775–76 (9th Cir. 1991).

Petitioner was released from detention, i.e., removed from the United States to Ghana, approximately three weeks after he filed his federal habeas petition. *See* (Martinez Decl. ¶ 14; ECF No. 6). The Court can no longer grant his requested relief that he be released from custody. Therefore, this action, alleging that Petitioner's continued detention violates federal law and his constitutional rights, is moot. *Picrin–Peron*, 930 F.2d at 775; *Abdala v. I.N.S.*, 488 F.3d 1061, 1064–65 (9th Cir. 2007); ("[A] petitioner's release from detention . . . moot[ed] his challenge to the legality of his extended detention." (internal quotations and citation omitted).

//
//
//

1 | Accordingly, the Court DISMISSES this action without prejudice as moot.

3 | DATED: February 28, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE